Case 4:15-cv-01982   Document 27   Filed in TXSD on 05/13/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY FREDERICK, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-01982 |
| | § | |
| AMERICAN HERITAGE LIFE | § | |
| INSURANCE COMPANY, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Frederick's motion to strike affirmative defenses raised in Defendant AHLIC's answer. Dkt. 24. The parties have consented to magistrate judge jurisdiction. Dkt. 14. After reviewing the briefing and the law, the Court denies the motion.

### BACKGROUND

In October 2012, Frederick was severely injured in a vehicular accident. One month later, he submitted a claim for benefits under an accident insurance policy he purchased from AHLIC several months earlier. AHLIC initially denied payment under the policy, but later paid the claim after reversal on administrative appeal. Frederick now sues claiming that AHLIC violated the Texas Insurance Code by unreasonably delaying payment of the benefits. Dkt. 18-1.

In its answer to Frederick's first amended complaint, AHLIC raises several affirmative defenses, including a pre-existing condition exclusion in the policy, ratification by Frederick, nonpayment of the policy premium, and failure to prove loss. Dkt. 23, ¶¶ 34–55.

### ANALYSIS

Federal Rule of Civil Procedure 8(c) requires defendants to "affirmatively state any avoidance or affirmative defense" when responding to a pleading. A defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th

Cir. 1999). "Although motions to strike a defense are generally disfavored," they are proper "when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *see also* 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2004) ("[M]otions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

Frederick moves to strike nearly all of AHLIC's affirmative defenses, claiming that they "are mere boilerplate statements lacking a factual or legal context." Dkt. 24, ¶ 10. Frederick argues that the heightened pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 550 U.S. 544 (2007), apply to affirmative defenses. Dkt. 24, ¶ 7. As this Court has noted before, however, the Fifth Circuit has never held that the plausibility standards of *Twombly* and *Iqbal* apply to affirmative defenses. *Utrera v. Kraftsmen Bakers Ltd.*, No. 4:13-CV-01458, 2013 WL 6176577, at *1 (S.D. Tex. Nov. 25, 2013) (Smith, J.). Thus, the Court examines the pleaded affirmative defenses under the less stringent "fair notice" standard of *Woodfield*.

The "fair notice" standard is met if the defense is sufficiently articulated such that the plaintiff is not unfairly surprised. *See Woodfield*, 193 F.3d at 362. "[I]n some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Id.* In others, however, "baldly naming" the affirmative defense "falls well short of the minimum particulars needed to identify the affirmative defense in question." *Id.*

AHLIC's pleadings provide Frederick with "fair notice" of AHLIC's affirmative defenses. The majority of the defenses arise out of the terms of the insurance policy. These ordinary contract-based defenses are not surprising—Frederick executed the policy involved and should have its terms available to him. Other defenses, such as comparative fault and intervening

or superseding causes of Frederick's alleged damages, raise factual issues to be determined on the merits and are not appropriately disposed of at this early stage of the case. Frederick's argument that AHLIC's pleadings lack sufficient context is based upon AHLIC's alleged failure "to convey facts that would make the affirmative defenses plausible on their face." Dkt. 24, ¶ 16. Since the Court declines to apply the *Twombly/Iqbal* pleading standard to affirmative defenses, it does not assess the plausibility of the defenses pleaded. Frederick's attack on the adequacy of the affirmative defenses is better suited for summary judgment after discovery has been conducted in this matter. The answer provides fair notice of the affirmative defenses raised—no further factual allegations are required.

## CONCLUSION

The affirmative defenses pleaded in AHLIC's answer satisfy the "fair notice" standard of *Woodfield*. Therefore, the Court denies Frederick's motion to strike.

Signed at Houston, Texas, on May 13, 2016.

_____
Stephen Wm Smith
United States Magistrate Judge